UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**JEREMY LEE KISER,**

    Movant,

v.                                    Civil Action No. 2:10-01150
                                         (Criminal No. 2:06-00151)

**UNITED STATES OF AMERICA,**

    Respondent.


MEMORANDUM OPINION AND ORDER

Pending is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed September 27, 2010.[1]

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

---

[1] Also pending is movant's motion to be released to a halfway house, filed October 22, 2010, in his criminal case. The motion states movant's home was flooded and suggests that additional time in a halfway house is necessary to aid his transition from in-custody status. The determination is reserved to the BOP alone. See 18 U.S.C. § 3621(b); Elwood v. Jeter, 386 F.3d 842, 844, 847 (8th Cir. 2004); Goldings v. Winn, 383 F.3d 17, 22 (1st Cir. 2004); see also 18 U.S.C. § 3624(c)(2). The court, accordingly, ORDERS that the motion to be released to a halfway house be, and it hereby is, denied.

The court briefly summarizes the procedural history assembled by the magistrate judge. On July 11, 2006, movant was indicted for using an instrumentality of interstate commerce to willfully make a threat respecting an alleged attempt to unlawfully damage and destroy a building by means of an explosive, in violation of 18 U.S.C. § 844(e). On November 15, 2006, movant pled guilty to the single count indictment. On March 5, 2007, the Judgment was entered sentencing movant to, <u>inter alia</u>, a 36-month term of probation. Movant did not notice an appeal of the Judgment.

Following the probation officer's filing of a petition and amended petition respectively on September 10 and October 2, 2007, Judgment ("second Judgment") was entered on November 14, 2007, revoking movant's probation and committing him to the custody of the Federal Bureau of Prisons (BOP") for an eight-month term of incarceration, followed by a three-year term of supervised release. Movant again failed to notice an appeal.

Following the probation officer's filing of a petition and amended petition respectively on June 30, 2009, and February 11, 2010, Judgment ("third Judgment") was entered on May 6, 2010, committing movant to the custody of the BOP for a 24-month term of incarceration. On May 14, 2010, movant noticed his appeal of the third Judgment.

On October 13, 2010, the magistrate judge entered the PF&R.  She recommends that movant's motion be denied inasmuch as his first, second, and third grounds for relief are barred by the applicable limitations period and, as to the fourth and final ground relating to the third Judgment, his direct appeal remains pending.

On October 22, 2010, movant objected.  Movant appears to clarify that he is not challenging his original conviction or the Judgment that imposed the probation term.  He instead contends that he is challenging the third Judgment based upon his receipt subsequent thereto of certain diagnoses that he asserts may impact the revocation sentence imposed.  The court will thus treat all four alleged grounds as challenges to the third Judgment.

So construed, movant's objection appears to assert only that it is now too late to place before the court of appeals his recent diagnoses.  That concern may be addressed by movant with his appellate counsel.  Irrespective of that putative omission from the appellate record, however, the magistrate judge's analysis as to the fourth ground, and now the first, second, and third grounds as recharacterized above, remains sound.  Movant may not avail himself of collateral relief prior to the final

adjudication of his direct appeal of the third Judgment.  See Rule 5 Governing § 2255 Proceedings, Advis. Comm. Notes; 3 Charles A. Wright et al. Federal Practice and Procedure § 597 (3rd ed. elec. 2010) (collecting authorities); Larry W. Yackle, Postconviction Remedies § 5:21 (Elec. ed. 2010) (citing authorities and concluding that "in the interest of orderly federal criminal process, collateral motions prior to resolution of an appeal through the circuit level are routinely held to be premature.").

Based upon a de novo review, and having found the objection meritless, the court adopts and incorporates herein the magistrate judge's PF&R, with the exception that movant is now understood to be attempting a collateral attack of the third Judgment alone.  It is ORDERED that movant's section 2255 motion be, and it hereby is, denied without prejudice.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: November 16, 2010

John T. Copenhaver, Jr.
United States District Judge